**JOHN L. BURRIS, Esq., SBN 69888**
**ADANTE D. POINTER, Esq., SBN 236229**
**LAW OFFICES OF JOHN L. BURRIS**
Airport Corporate Center
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200 Facsimile: (510) 839-3882
John.Burris@johnburrislaw.com
Adante.Pointer@johnburrislaw.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR MOORE, individually and as successor in interest of XAVIER MOORE, <br><br> Plaintiffs, <br> v. <br><br> CITY OF BERKELEY, a municipal corporation; GWENDOLWYN BROWN, KENNETH TU, BRANDON SMITH, BRIAN MATHIS, TIMOTHY GARDNER, NIKOS KASTMILER, AMBER PHILIPS and BENJAMIN CARDOZA, individually and in their official capacities as Police Officers for the CITY OF BERKELEY and DOES 1-50, inclusive; individually and in their official capacities as POLICE OFFICERS for the CITY OF BERKELEY, <br><br><br> Defendants. | Case No.: 3:14-cv-00669-CRB <br><br> **SECOND AMENDED COMPLAINT FOR DAMAGES** <br><br> **JURY TRIAL DEMANDED** |

1

**INTRODUCTION**

1.  This civil rights and wrongful death action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with the wrongful death of Decedent XAVIER 'KAYLA' MOORE, who died on February 13, 2013, after being unlawfully seized, restrained, arrested and battered by multiple CITY OF BERKELEY Police Officers.  Decedent XAVIER 'KAYLA' MOORE was a transgender man with an extensive history of documented paranoid schizophrenia and numerous prior contacts with Berkeley Police Officers. Despite being aware of Decedent MOORE'S disabling condition the Officers initiated an unlawful arrest. The Defendant Officers threw Decedent MOORE onto a futon and restrained him with the combined body weight of at least six officers, in a fashion that interfered with his ability to breath, which predictably intensified his psychological distress and initiated a physiological crisis.  Tragically, XAVIER 'KAYLA' MOORE lost consciousness and died as a result of the Officers' unwarranted and excessive use of force.

**JURISDICTION**

2.  This action arises under Title 42 of the United States Code, Section 1983. Title 28 of the United States Code, Section 1331 and 1343 confers jurisdiction upon this Court.  The unlawful acts and practices alleged herein occurred in the City of Berkeley, County of Alameda, California, which is within this judicial district.

**PARTIES**

3.  Decedent, XAVIER 'KAYLA' MOORE, died as a result of being unlawfully seized by multiple City of Berkeley Police Officers. Decedent was a biologically male, transgendered person who identified himself as female and went by the name of 'KAYLA.' Decedent was unmarried at the time of death and died without leaving a will.  Decedent did not have any children. This action seeks to recover damages for the violation of rights personal to Decedent. This action is maintained on behalf of Decedent, by his successor in interest, his

father ARTHUR MOORE. Said plaintiff is a person with standing to bring the action pursuant to California Code of Civil Procedure Sections 377.30.and 377.60 and California Probate Code Section 6402.

4.  Plaintiff, ARTHUR MOORE, is now and at all times mentioned herein a United States Citizen. Plaintiff is the father of and successor-in-interest to Decedent XAVIER 'KAYLA' MOORE.  He brings this action on his own behalf and as successor-in-interest to his son, Decedent XAVIER 'KAYLA' MOORE.

5.  Defendant CITY OF BERKELEY (Hereinafter "CITY") is, and at all times herein mentioned, a municipal entity duly organized and existing under the laws of the State of California. Under its authority, the CITY OF BERKELEY operates the Berkeley Police Department.

6.  At all times mentioned herein, GWENDOLYN BROWN (badge #16) (Hereinafter "BROWN"), is being sued in her individual and official capacity as a Police Officer for the City of BERKELEY.

7.  At all times mentioned herein, KENNETH TU (Hereinafter "TU"), is being sued in his individual and official capacity as a Police Officer for the City of BERKELEY.

8.  At all times mentioned herein, BRANDON SMITH (badge #3) (Hereinafter "SMITH"), is being sued in his individual and official capacity as a Police Officer for the City of BERKELEY.

9.  At all times mentioned herein, BRIAN MATHIS (Hereinafter "MATHIS"), is being sued in his individual and official capacity as a Police Officer for the City of BERKELEY.

10. At all times mentioned herein, TIMOTHY GARDNER (Hereinafter

"GARDNER"), is being sued in his individual and official capacity as a Police Officer for the City of BERKELEY.

11. At all times mentioned herein, NIKOS KASTMILER (Hereinafter "KASTMILER"), is being sued in his individual and official capacity as a Police Officer for the City of BERKELEY.

12. At all times mentioned herein, AMBER PHILIPS (Hereinafter "PHILIPS"), is being sued in her individual and official capacity as a Police Sergeant for the City of BERKELEY.

13. At all times mentioned herein, BENJAMIN CARDOZA (Hereinafter "CARDOZA"), is being sued in his individual and official capacity as a Police Sergeant for the City of BERKELEY.

14. Plaintiff is ignorant of the true names and/or capacities of Defendants sued herein as DOES 1 through 50, inclusive, and therefore sue said defendants by such fictitious names.  Plaintiff will amend this complaint to allege their true names and capacities when ascertained.  Plaintiff believes and alleges that each of the DOE defendants is legally responsible and liable for the incident, injuries and damages hereinafter set forth.  Each defendant proximately caused injuries and damages because of their negligence, breach of duty, negligent supervision, management or control, violation of public policy and unlawful use of force.  Each defendant is liable for his/her personal conduct, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control or upon any other act or omission.  Plaintiff will ask leave to amend this complaint subject to further discovery.

15. In doing the acts alleged herein, Defendants, and each of them acted within the course and scope of their employment.

16. In doing the acts and/or omissions alleged herein, Defendants, and

each of them, acted under color of authority and/or under color of law.

17. Due to the acts and/or omissions alleged herein, Defendants, and each of them, acted as the agent, servant, and employee and/or in concert with each of said other Defendants herein.

18. For State causes of action related to Federal claims, Plaintiff is required to comply with an administrative claim requirement under California law.  Plaintiff has complied with all applicable requirements.

## **FACTS**

19. On February 12, 2013, at approximately 11:40 p.m., Decedent XAVIER 'KAYLA' MOORE and his caretaker, Edward Sterling, were at MOORE's apartment, located at 2116 Allston Way, apartment 513, in Berkeley, California. MOORE was a 41-year old, 347-pound, biologically male, transgendered, African-American man with a well-documented history of paranoid schizophrenia and numerous prior Berkeley Police Department contacts related to his mental illness.

20. Defendant CITY OF BERKELEY Police Officers BRANDON SMITH and GWENDOLYN BROWN went to Decedent MOORE's house after MOORE's friend John Hayes called and requested mental health assistance for his friend.

21. When Berkeley Police Officers SMITH and BROWN arrived at the apartment, Decedent MOORE was speaking irrationally and making overtly paranoid comments about his belief that the uniformed officers were not really police officers. MOORE was clearly in the midst of a paranoid schizophrenic mental health crisis.

22. For unknown reasons, the officers ordered Decedent MOORE's caregiver, Mr. Sterling, to leave the apartment. Despite knowing that they were called to determine if Decedent MOORE needed mental health evaluation, the

officers did not question or evaluate Decedent MOORE to determine if was presently at risk of harming himself or others, as is required to initiate a '5150' hold.  And despite knowing, that merely presenting signs and symptoms of a well-documental mental illness falls short of the standard necessary to place a citizen on an involuntary, seventy-two hour mental health evaluation hold. In addition, Decedent MOORE's mental health caregiver was present and able to provide care and support for MOORE.

23. Despite their prior knowledge and personal observations of Decedent MOORE's mental condition, Officer SMITH ran Decedent MOORE and Mr. Hayes' names for warrants in an attempt to justify using a standard arrest procedure. Officer SMITH found an arrest warrant for Mr. Hayes and Officer BROWN took Mr. Hayes into custody. Around this time, Defendant CITY OF BERKELEY Police Officer KENNETH TU arrived at the apartment.

24. Officer SMITH found a warrant out of the City and County of San Francisco for a person named 'Xavier Moore'; however, dispatch notified Officer SMITH that the warrant was for a person approximately 60-years old, 20-years older than Decedent MOORE. Plaintiff is informed and believes that CITY OF BERKELEY Police Department protocol requires its officers to confirm a warrant prior to placing a citizen into custody.  Due to the overt age difference, Officer SMITH did not confirm the warrant and made this known to Officer BROWN.

25. The Officers clearly knew that Decedent MOORE was not the person named in the warrant, was not a suspect in any crime and had not been evaluated to determine whether he was eligible for a 5150 hold. Nevertheless, Officer BROWN inexplicably and arbitrarily decided that 'we might as well take him' and told MOORE that they were going to arrest him. Decedent MOORE begged the officers to '… confirm the warrant …' prior to arresting him.

26. Officer BROWN signaled to Officer TU to initiate an arrest and

6

they both proceeded to grab Decedent MOORE's wrists and tried to place him in handcuffs. Decedent MOORE, a paranoid schizophrenic, was understandably frightened and confused when multiple Officers began to physically accost him. He screamed out 'no, no.' Understandably, Decedent MOORE struggled with the Officers and they threw him face down onto a futon on the floor. Officer BROWN called for additional backup and Defendant CITY OF BERKELEY Police Officers BRIAN MATHIS, TIMOTHY GARDNER and NIKOS KASTMILER arrived.

27. Officer BROWN held Decedent MOORE face down on the futon by pressing her body weight into Decedent MOORE's shoulder blades.  Officer TU lay on top of Decedent MOORE's lower body to prevent him from moving his legs. Officer SMITH also used his body weight to hold MOORE face down on the futon. Officer KASTMILER held down Decedent MOORE's arm to prevent him from getting up and used his shins and knees to hold down Decedent MOORE's legs. Decedent MOORE was screaming, 'Get off of me,' as he desperately struggled to breathe under the combined body weight of the Officers pushing him against the mattress. Decedent MOORE experienced severe psychological and physiological trauma as he helplessly lay face down with his airway restricted, for no legally justifiable reason.

28. Officer MATHIS grabbed Decedent MOORE's legs and crossed his ankles so he could not move his legs. Officer GARDNER was also holding Decedent MOORE's legs. The Decedent continued to beg and plead with the Officers to 'get off of' him as he struggled to breathe under the weight and force of six officers. The Officers then placed Decedent MOORE in handcuffs.

29. Defendant CITY OF BERKELEY Police Department Sergeant BENJAMIN CARDOZA was present to witness some portion of the incident. Defendant CITY OF BERKELEY Police Department Sergeant AMBER PHILIPS brought a 'WRAP' device and the Officers tried to use the 'WRAP'

restraint to immobilize Decedent MOORE's legs. The 'WRAP' device did not fit Decedent MOORE, so they decided to use the lower portion of the device to restrain his ankles.

30. Finally, Decedent MOORE was unable to continue his terrifying struggle to breathe and he lost consciousness, while the Officers stood by. Decedent MOORE was face down, immobile, lifeless and completely still for an indeterminate period of time. Plaintiff is informed and believes that there is a City of Berkeley Police Department policy regarding the use of 'WRAP' devices that informs officers that if a person suddenly becomes quiet and still that the officers should summon immediate medical attention.

31. Eventually, the Officers decided to turn Decedent MOORE onto his side and they realized that he was not breathing. The Officers removed the handcuffs and Officer BROWN tilted Decedent MOORE's head back and opened up his airway to initiate CPR. Officer TU began CPR chest compressions on Decedent MOORE.

32. Plaintiffs are informed and believe that all CITY OF BERKELY Police Officers are trained first responders and are required to stay currently certified in CPR. Despite the presence of at least seven individuals qualified to begin airway breathing, none of the officers initiated the necessary lifesaving breathing which may have saved Decedent MOORE's life. By starting chest compressions without airway breathing Officer TU added insult to injury by exacerbating Decedent MOORE's trauma by violently pushing on his chest.

33. During the incident, Sergeant Philips and other Officers made discriminatory comments when they pejoratively referred to Decedent MOORE as 'it' and made irrelevant inquiries into Decedent MOORE's gender identification. Plaintiff is informed and believes that Decedent MOORE's

status, as a transgender man, was a factor in the Officers' decision to refuse to perform CPR properly.

34. In addition, after Decedent MOORE had died, Officers unlawfully seized numerous articles of Decedent MOORE's personal property without any legitimate reason and without a search warrant. Plaintiff is informed and believes that seizing personal property from the home of a mentally ill person beyond that which is within their immediate control is prohibited by Berkeley Police Department general orders as well as clearly violating the Fourth Amendment prohibition against unlawful search and seizure.

35. These Officers blatantly ignored Decedent MOORE's well documental medical needs and maliciously initiated an unwarranted and unlawful arrest in violation of Decedent MOORE's Fourth Amendment right against unreasonable seizure and excessive force. Decedent MOORE died as a result of the unconstitutional actions initiated by Officer BROWN.

36. Plaintiff is informed and believes and thereon alleges that CITY OF BERKELEY and DOES 26-50, inclusive, breached their duty of care to the public in that they have failed to discipline the named defendants for their respective misconduct and involvement in the incident described herein. Their failure to discipline defendants: SMITH, BROWN, TU, MATHIS, GARDNER, KASTMILER and DOES 1-25 inclusive, demonstrates the existence of an entrenched culture, policy or practice of promoting, tolerating and/or ratifying with deliberate indifference, the use of excessive and/or deadly force and the fabrication of official reports to cover up defendants' BERKELEY Police Officers SMITH, BROWN, TU, MATHIS, GARDNER, KASTMILER, PHILIPS, CARDOZA and DOES 1-25's inclusive, misconduct.

37. Plaintiffs are informed and believe and thereon allege that members of the BERKELEY Police Department, including, but not limited to,

9

defendants, BERKELEY Police Officers SMITH, BROWN, TU, MATHIS, GARDNER, KASTMILER, PHILIPS, CARDOZA and/or DOES 1-25 and/or each of them, have individually and/or while acting in concert with one another, engaged in a repeated pattern and practice of using excessive, arbitrary and/or unreasonable force against individuals, including, but not limited to decedent, XAVIER 'KAYLA' MOORE.

38. Plaintiff is informed and believes and thereon alleges that CITY OF BERKELEY and DOES 26-50, inclusive, breached their duty of care to the public in that they have failed to retrain the named defendants in the proper making of 5150 evaluations, making arrests based on out of county warrants, how to properly restrain an individual and/or provide CPR to persons after their involvement in the incident described herein. Their failure to retrain defendants: SMITH, BROWN, TU, MATHIS, GARDNER, KASTMILER and DOES 1-25 inclusive, demonstrates the existence of an entrenched culture, policy or practice of promoting, tolerating and/or ratifying with deliberate indifference, the use of improper techniques and procedures to make 5150 detentions, arrests, restraints and/or emergency medical aid.

39. Plaintiff is further informed, believes and therein alleges that as a matter of official policy -- rooted in an entrenched posture of deliberate indifference to the constitutional rights of citizens who live in the City of BERKELEY-- defendant CITY OF BERKELEY has long allowed its citizens, such as the decedent to be abused by its police officers, including BERKELEY Police Officers SMITH, BROWN, TU, MATHIS, GARDNER, KASTMILER, PHILIPS, CARDOZA and/or DOES 1-25 and/or each of them, individually and/or while acting in concert with one another.

40. Plaintiffs' are informed, believe and therein allege that CITY OF BERKELEY knew, had reason to know by way of actual or constructive notice of the aforementioned policy, culture, pattern and/or practice and the complained of conduct and resultant injuries/violations.

1
2
3

## DAMAGES

4       41. As a consequence of Defendants' violation of Plaintiff's federal civil rights
5 under 42 U.S.C. §1983, the Fourth and Fourteenth Amendment, Plaintiff ARTHUR
6 MOORE was mentally, and emotionally injured and damaged as a proximate result of
7 decedent's wrongful death, including but not limited to Plaintiffs' loss of: familial
8 relations, decedent's society, comfort, protection, companionship, love, affection, solace,
  and moral support.
9
10      42. ARTHUR MOORE is entitled to recover wrongful death damages pursuant To
11 C.C.P. Sections 377.60 and 377.61 and Probate Code Section 6402(b).  Additionally,
12 plaintiff is entitled to the reasonable value of funeral and burial expenses pursuant to
   C.C.P. §§ 377.60 and 377.61.
13

14      43. Decedent, XAVIER 'KAYLA' MOORE, by and through his successor in
15 interest ARTHUR MOORE, is entitled to recover damages pursuant to Decedent's right of
16 survivorship for the pain and suffering he endured as a result of the violation of his civil
17 rights.

18      44. Plaintiff found it necessary to engage the services of private counsel to
19 vindicate the rights of decedent and plaintiff's rights under the law.  Plaintiff is therefore
20 entitled to an award of attorneys' fees and/or costs pursuant to statute(s) in the event that
21 he is the prevailing parties in this action under 42 U.S.C. §§§§ 1983, 1985-86 and 1988.

22
23                    **FIRST CAUSE OF ACTION**
               **Fourth Amendment—Detention and Arrest (42 U.S.C. §1983)**
24               (Against Defendants SMITH, BROWN, TU, and DOES 1-25)
25      45. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 44 of
26 this complaint.
27
28

                                                                    11

46. When the Defendant Officers determined to arrest Decedent MOORE pursuant to a warrant they knew that Decedent was not the subject of and then grabbed Decedent and forced him to the ground in an attempt to place him in handcuffs, they violated Decedent's right to be secure in his person against unreasonable searches and seizures as guaranteed to Decedent under the Fourth Amendment to the United States Constitution.

47. The Defendant Officers detained Decedent without reasonable suspicion and arrested him without probable cause, in violation of their training. As a result of their misconduct, all these Defendant Officers are liable for Decedent's and Plaintiff's injuries, either because they were integral participants in the wrongful detention and arrest, or because they failed to intervene to prevent these violations.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION

### Fourth Amendment—Excessive Force (42 U.S.C. §1983)

(Against Defendants SMITH, BROWN, TU, MATHIS, GARDNER, KASTMILER, CARDOZA and DOES 1 – 25)

48. Plaintiffs hereby re-allege and incorporate by reference paragraphs 1 through 47 of this Complaint.

49. When the Defendant Officers beat and used improper restraint procedures on Decedent until he lost consciousness and died, they deprived Decedent of his right to be secure in his person against unreasonable searches and seizures as guaranteed to Decedent under the Fourth Amendment to the United States Constitution. The Defendant Officers' actions were excessive and unreasonable, especially because Decedent was unarmed and outnumbered by approximately 8 to 1 by the Defendant Officers, and Decedent was in the midst of a mental health crisis. The Defendant Officers' beating of Decedent, together with

the improper restraint procedures they used, violated their training.

50. As a result of their misconduct, each of the Defendant Officers is liable for Decedent's and Plaintiff's injuries, either because they integral participated in, or failed to intervene in, the conduct described above;

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION

**(Violations of Plaintiffs' 14th Amendment Rights/Right to Familial Relationship--42 U.S.C. § 1983)**

(Against Defendants SMITH, BROWN, TU, MATHIS, GARDNER, KASTMILER, PHILIPS, CARDOZA, and DOES 1 – 25)

51. Plaintiffs hereby re-allege and incorporate by reference herein paragraphs 1 through 50 of this Complaint as though fully set forth;

52. Plaintiff had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of life, liberty, or property in such a manner as to shock the conscience, including but not limited to the unwarranted state interference in his familial relationship with his son, Decedent MOORE.

53. Decedent had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of his right to life, liberty, or property in such a manner as to shock the conscience.

54. The following, but not limited to, conduct of the Defendant Officers shocks the conscience:

a. knowingly arresting Decedent pursuant to an unverified warrant that Decedent

was not the subject of;

b. improperly restraining Decedent as he screamed and begged for mercy;

c. beating Decedent while he was outnumbered 8 to 1;

d. ignoring Decedent's mental health needs and departmental directives on how to interact with Decedent;

e. refusing to use proper rescue techniques on Decedent because of his transgender status;

f. pejoratively referring to Decedent as "it" due to his transgender status;

g. attempting to conceal their excessive use of force and hide the true cause of decedent's demise to deprive Plaintiff of his right to seek redress

n. integrally participating in or failing to intervene in the above misconduct.

55. The aforementioned actions of the Defendant Officers, while acting under color of state law, and without due process of law, violated the substantive due process rights of Plaintiff to be free from unwarranted interference with his familial relationship with Decedent.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**FOURTH CAUSE OF ACTION**

**(Municipal Liability for Unconstitutional Custom or Policy (*Monell*)–42 U.S.C. section 1983)**

(Against Defendant CITY and DOES 26-50)

56. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 55 of this Complaint.

57. Plaintiff is informed and believes and thereon alleges that high-ranking CITY

14

OF BERKELEY officials, including high-ranking police supervisors and DOES 26 through 50, and/or each of them, knew and/or reasonably should have known about repeated acts of misconduct by Defendant Officers and DOES 1-25, and/or each of them.

58. Despite having such notice, Plaintiff is informed and believes and thereon alleges that Defendant DOES 26-50, and/or each of them, approved, ratified, condoned, encouraged, sought to cover up, and/or tacitly authorized the continuing pattern and practice of misconduct and/or civil rights violations by said police officers.

59. Plaintiff is further informed and believes and thereon alleges that as a result of the deliberate indifference, reckless and/or conscious disregard of the misconduct by Defendants DOES 1-25 and/or each of them, encouraged these officers to continue their course of misconduct and caused these officers' lack of training, resulting in the violation of the Plaintiff's rights as alleged herein.

60. Plaintiff further alleges that Defendant DOES 26-50, and/or each of them, were on notice of the Constitutional defects in their training of CITY OF BERKELEY police officers, including, but not limited to making unlawful detentions and/or arrests, improper restraint tactics and/or procedures and improper and/or inadequate emergency medical aid along with using excessive force.

61. The aforementioned acts and/or omissions and/or deliberate indifference by high ranking CITY OF BERKELEY officials, including high ranking CITY OF BERKELEY Police Department supervisors and Defendant DOES 26-50, and each of them resulted in the deprivation of Plaintiff's constitutional rights including, but not limited to the right to not be deprived of life, liberty or property without due process of the law, as guaranteed by the Fourteenth Amendment to the United States Constitution and the

right to be free from excessive force and unlawful seizure by police officers, as guaranteed by the Fourth Amendment to the United States Constitution.

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

## SIXTH CAUSE OF ACTION

**(Wrongful Death - Negligence)**

**(C.C.P. §377.60 and 377.61)**

(Against Defendants SMITH, BROWN, TU, MATHIS, GARDNER, KASTMILER, PHILIPS, CARDOZA and DOES 1-25)

62. Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 61 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

63. Defendants and DOES 1 – 25 inclusive, by and through their respective agents and employees, proximately caused the death of Decedent XAVIER 'KAYLA' MOORE on February 13, 2013 as a result of their negligent conduct and/or negligent failure to act as set-forth herein.

64. As an actual and proximate result of said defendants' negligence, and the death of decedent, plaintiff ARTHUR MOORE has sustained pecuniary loss resulting from the loss of comfort, society, attention, services, and support of his son, Decedent, in an amount according to proof at trial.

65. As a further actual and proximate result of said defendants' negligence, plaintiff incurred funeral and burial expenses, in an amount according to proof at trial.

66. Pursuant to California C.C.P. Sections 377.60 and 377.61, plaintiff has brought this action, and claim damages from said defendants for the wrongful death of

Decedent, and the resulting injuries.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**SEVENTH CAUSE OF ACTION**

**(Violation of CALIFORNIA CIVIL CODE § 51.7)**

(Against Defendants SMITH, BROWN, TU, MATHIS, GARDNER,

KASTMILER, PHILIPS and DOES 1 – 25)

67. Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 66 of this complaint.

68. Plaintiffs are informed and believe and thereon allege that the conduct of Defendants SMITH, BROWN, TU, MATHIS, GARDNER, KASTMILER and DOES 1-25, inclusive, as described herein, was motivated by prejudice against XAVIER 'KAYLA' MOORE. Plaintiff is and was readily recognizable as a transgendered, male-to-female, African-American.  In addition, one or more of the Defendants used a derogatory term by calling the Decedent 'it' while in the process of using force and/or detaining Decedent. In engaging in such conduct, Defendants violated Plaintiff's rights under California Civil Code §51.7 to be free from violence, or intimidation by threat of violence committed against him because of his gender and/or sexual orientation.

69. Under the provisions of California Civil Code §52(b), Defendants are liable for punitive damages for each violation of Civil Code §51.7, reasonable attorney's fees and an additional $25,000.00.

70. As a proximate result of Defendants' wrongful conduct, Plaintiff suffered damages as hereinafter set forth.

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

1

2
### EIGHTH CAUSE OF ACTION
3
### (Violation of CALIFORNIA CIVIL CODE §52.1)
(Against Defendants SMITH, BROWN, TU, MATHIS, GARDNER,
4
KASTMILER, PHILIPS and DOES 1 – 25)
5

6
    71. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 70 of this
7
complaint.
8
    72. Defendants' above-described conduct constituted interference, and attempted
9
interference, by threats, intimidation and coercion, with the decedent's peaceable exercise
10
and enjoyment of rights, including but not limited to his right to be free from unreasonable
11
search and seizure, to due process, to equal protection of the laws, to be free from state
12
actions that shocks the conscience, and to life, liberty, and property, secured by the
13
Constitution and laws of the United States and the State of California, in violation of
14
California Civil Code §52.1.
15

16

17
    WHEREFORE, Plaintiff prays for relief as hereinafter set forth.
18

19
### TENTH CAUSE OF ACTION
20
### (Battery)
(Against Defendants SMITH, BROWN, TU, MATHIS, GARDNER,
21
KASTMILER, PHILIPS, CARDOZA and DOES 1-25)
22

23
    73. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 72 of
24
this complaint.
25
    74. Defendants' while working as police officers for the CITY OF BERKELEY,
26
and acting within the course an scope of their duties, intentionally struck, grabbed, placed
27

28

their weight upon Decedent as well as forced him into a restraining device.

75. As a result of the actions of these Defendants, Decedent ultimately died from his injuries. The Defendant Officers did not have legal justification for using the force against Decedent, and these Defendants' use of force while carrying out their police officer duties was an unreasonable use of force.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth

### ELEVENTH CAUSE OF ACTION
**(Violation of 42 U.S.C. section 12132)**
**(Against Defendant CITY OF BERKELEY)**

76. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 75 of this complaint.

77. As against Defendant CITY, and/or DOES 26-50 in their capacity as official policy-maker(s) for the CITY OF BERKELEY, Plaintiff further alleges that said defendants failed to train, supervise, and or discipline Defendants SMITH, BROWN, TU, MATHIS, GARDNER, KASTMILER and DOES 1-25: in recognizing symptoms of disability under Title II of the Americans With Disabilities Act and from excluding qualified individuals, such as Plaintiff XAVIER MOORE, from participating in or denying benefits and services provided by Defendant CITY; or from otherwise discriminating against such qualified individuals with symptoms of disability recognized under Title II of the Americans with Disabilities act, resulting in the false arrest of Decedent MOORE during the course of the subject-incident and which ultimately resulted in his death.

78. At the time Defendant Officers SMITH, BROWN, TU, MATHIS,

GARDNER, KASTMILER and DOES 1-25 made contact with Decedent MOORE they knew and/or had reason to know he was experiencing a mental crisis and were aware of Decedent MOORE'S disability and the symptoms and manifestations of Decedent MOORE'S recognized disability, and yet these Defendant Officers decided to unlawfully arrest Decedent MOORE on an outstanding warrant that he was not the subject of, further exacerbating his mental health crisis. In addition, these Defendant Officers failed to provide reasonable accommodations during their encounter and arrest of Decedent Moore by failing: to utilize inter-departmental protocols when evaluating whether he, as a mental health suspect, was a danger to himself or others; to follow inter-departmental and industry-wide accepted protocols when encountering mentally unstable suspects; and to utilize inter-departmental protocols that were specifically created to inform CITY OF BERKELEY police officers how to handle encounters with Decedent MOORE specifically.

79. The aforementioned conduct of Defendant Officers SMITH, BROWN, TU, MATHIS, GARDNER, KASTMILER and DOES 1-25, in failing to make reasonable accommodations for Decedent MOORE denied him the benefits of Defendant CITY OF BERKELEY'S programs and activities, and/or discriminated against Decedent MOORE by reason of his recognized disability

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## **JURY DEMAND**

78. Plaintiff hereby demands a jury trial in this action.

1                                 **PRAYER**

2

3       WHEREFORE, plaintiff prays for relief, as follows:

      1. For general damages in a sum to be determined according to proof;

4

5       2. For special damages, including but not limited to, past, present and/or future

wage loss, income and support, medical expenses and other special damages in a sum to be

6 determined according to proof;

7       3. For funeral and burial expenses according to proof;

8       4. For punitive damages and exemplary damages in amounts to be determined

9 according to proof as to defendants SMITH, BROWN, TU, MATHIS, GARDNER,

KASTMILER and/or DOES 1 through 25 and/or each of them;

10

11       5. For reasonable attorney's fees pursuant to 42 U.S.C. §1988 and U.S.C. Section

794a;

12

13       7. For violation of California Civil Code Sections 51.7 and 52.1, statutory

damages, and reasonable attorney's fees;

14       8. For cost of suit herein incurred.

15

16                                 **LAW OFFICES OF JOHN L. BURRIS**

17

18

19 Dated: October 10, 2014              _____/s/ Adante D. Pointer_____

20                              Adante D. Pointer

21                              ATTORNEY FOR PLAINTIFF

22

23

24

25

26

27

28