IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR MOORE, | No. 14-cv-669 CRB |
| Plaintiff, | **ORDER DENYING MOTION FOR ENTRY OF JUDGMENT UNDER RULE 54(b) AND REQUEST FOR STAY PENDING APPEAL** |
| v. | |
| CITY OF BERKELEY ET AL., | |
| Defendants. | |

On October 14, 2016, the Court granted summary judgment in favor of Defendants on all of Plaintiff's claims except those brought under Title II of the Americans with Disabilities Act ("ADA"). See generally SJ Order (dkt. 71). Plaintiff now asks the Court to enter partial judgment as to the former claims under Federal Rule of Civil Procedure 54(b) and stay litigation on the latter claims pending appeal. See Mot. (dkt. 73) at 1.

It is a "foundational rule" that the Courts of Appeals "have jurisdiction to hear an appeal only if it arises from a final order." Jewel v. National Sec. Agency, 810 F.3d 622, 627 (9th Cir. 2015). And an order granting summary judgment on some claims but not others, such as the Court's order here, "is usually not an appealable final order under 28 U.S.C. § 1291 because it does not dispose of all of the claims." Am. States Ins. Co. v. Dastar Corp., 318 F.3d 881, 884 (9th Cir. 2003). A court, then, should grant a Rule 54(b) motion only in an "unusual case." Morrison-Knudsen Co., Inc. v. J.D. Archer, 655 F.2d 962, 965 (9th Cir. 1981). What is more, "a similarity of legal or factual issues will weigh heavily against" a grant, lest an appellate court "be required to address legal or factual issues that are similar to those contained in the claims still pending before the trial court." Id.

As Plaintiff initially – and quite correctly – conceded, "all" of his claims "rely on overlapping facts." Mot. at 4.  They depend on what led up to Moore's arrest and what happened in the ensuing struggle.[1] So, as in Wood v. GCC Bend, LLC, 422 F.3d 873, 882 (9th Cir. 2005), the factual issues here "overlap entirely – not just substantially." Furthermore, this is "neither a complex case nor one where the only remaining claim is a counterclaim." Id. & n.5 (reversing grant of Rule 54(b) motion and distinguishing Texaco, Inc. v. Ponsoldt, 939 F.2d 794, 798 (9th Cir. 1991), and Sheehan v. Atlanta Int'l Ins. Co., 812 F.2d 465, 468 (9th Cir. 1987), for the same reason).

The Court therefore DENIES the motion without oral argument pursuant to Local Rule 7-1(b), VACATES the motion hearing set for 10:00am on January 13, 2017, and SETS a further case management conference for 8:30am that same day.

**IT IS SO ORDERED.**

Dated: December 13, 2016

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff retreats from this stance on reply, arguing that his ADA claims necessarily focus on the decision to arrest Moore, not the ensuing struggle. See Reply at 2-3. Not so. An ADA claim will lie against the City if the officers "either (a) wrongly arrested Moore because they mistook the effects of her disability for a crime, or (b) caused her excessive injury or indignity by failing to reasonably accommodate her disability during the arrest." SJ Order at 11 (citing Sheehan v. City & Cnty. of San Francisco, 743 F.3d 1211, 1232 (9th Cir. 2014)) (emphasis added).

2