IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR MOORE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF BERKELEY, et al.,<br><br>　　　　Defendants. | Case No. 14-cv-00669-CRB<br><br>**ORDER SETTING BRIEFING SCHEDULE** |

In this survivorship action brought on behalf of Kayla Moore ("Moore"), plaintiff Arthur Moore ("plaintiff") claims that City of Berkeley police officers violated the rights of his deceased daughter under the Americans with Disabilities Act ("ADA") during their encounter with her in the early-morning hours of February 13, 2013—an encounter that ended in Moore's death. The Court previously denied the City's summary judgment motion with respect to Moore's ADA claims. See SJ Order (dkt. 71) at 11–13. In its pre-trial briefing, the City requests the Court to require plaintiff to clarify those claims so that it may adequately defend against them. Def.'s Trial Br. (dkt. 104) at 4.

Plaintiff plans to proceed to trial on two theories: (1) that Berkeley officers arrested Moore due to her disability rather than any illegal conduct; and (2) that the officers failed to reasonably accommodate Moore in the moments leading up to and following her arrest. However, the particular factual assertions plaintiff plans to use to support these theories have been vague from the beginning. For instance, in his opposition to the City's motion for summary judgment, plaintiff did not explain his argument that officers arrested Moore because of her disability, and maintained (incorrectly) that he "[did] not have to explain a reasonable accommodation." SJ Opp. (dkt. 62) at 25.

Even at this late pre-trial date, plaintiff remains vague about the specifics of his ADA claim. He does not explain in his pre-trial briefing which facts support his theory that the officers arrested Moore because of her disability. See, e.g., Lewis v. Truitt, 960 F. Supp. 175, 176–77 (S.D. Ind. 1997) (denying summary judgment on ADA claim where plaintiff, a deaf man, claimed that officers arrested him for resisting law enforcement because he could not understand their commands); Jackson v. Inhabitants of Town of Sanford, No. CIV. 94-12-P-H, 1994 WL 589617, at *6 (D. Me. Sept. 23, 1994) (denying summary judgment where plaintiff alleged that officers arrested him for drunk driving because his speech was slurred due to a past stroke).

Nor does plaintiff clearly articulate the reasonable accommodation he argues the City should have provided Moore. He offers various explanations at various points in his briefing, but does not explain any of his proposed accommodations in enough depth to allow the Court to understand his arguments on the issues of (1) exactly what actions he would have had the officers take that they did not in fact take, and (2) why the officers' failure to take his proposed actions amounted to a failure to reasonably accommodate.

The Court construes the City's request to clarify as a motion for summary judgment on plaintiff's remaining claims. Given the importance of clarifying the issues before trial, the Court will entertain the motion.

In addition, plaintiff has submitted declarations which tend to show that the City failed to timely produce a document regarding the Berkeley Police Department's policy for complying with the ADA that was responsive to plaintiff's discovery requests. Dkt. 115. Plaintiff states that the City's failure to disclose this document hindered him in developing officer testimony, developing expert testimony, and performing discovery. For purposes of responding to the motion for summary judgment, plaintiff is permitted to file a supplemental declaration by its police-practices expert explaining how the officers failed to comply with the newly discovered ADA policy. See Fed. R. Civ. P. 56(d). The Court does not see the need to allow for additional discovery or depositions at this stage, given the detailed record of the officers' actions. See dkt. 69. However, if plaintiff still believes that he is unable to present facts essential to justifying its opposition to the motion for summary judgment, he may submit a declaration to this effect along with his

2

opposition for the Court's consideration.

Plaintiff shall file a response within 30 days of the filing of this order. Defendant shall file a reply within 7 days of receiving the response.

The trial date is hereby VACATED.

**IT IS SO ORDERED.**

Dated: Oct. 18, 2017

CHARLES R. BREYER
United States District Judge