IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR MOORE,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF BERKELEY, et al.,<br><br>    Defendants. | Case No. 14-cv-00669-CRB<br><br>**ORDER DENYING [115] MOTION FOR SANCTIONS** |

    Plaintiff Arthur Moore moves for sanctions based on (1) Defendant City of Berkeley's failure to disclose the police department's policy for complying with the ADA and (2) a dispute between the parties over payment for the deposition of the City's cause-of-death expert. Dkts. 115, 122.

    Regarding (1), the Court granted Plaintiff the opportunity to submit a supplemental declaration by his police-practices expert regarding the ADA policy, and instructed Plaintiff to submit a declaration with his opposition motion "if Plaintiff still believes that he is unable to present facts essential to justifying" his opposition. Dkt. 118 at 2–3. Plaintiff did neither, though he cited the ADA policy in his opposition motion. See dkt. 122. Plaintiff argues that the City's failure to disclose the policy "robbed" him of the opportunity to move for partial summary adjudication on the City's ADA claim (dkt. 122 at 30–31), but Plaintiff could not have prevailed on such a motion because no reasonable juror could have found for Plaintiff on that claim (see dkt. 125). Accordingly, Plaintiff was not prejudiced by any discovery malfeasance with respect to the ADA policy.

    Regarding (2), nothing in the Court's summary judgment orders relied on any determination regarding the cause of Ms. Moore's death. So Plaintiff was not prejudiced

by any inability to take Dr. Vilke's deposition, either.

Accordingly, Plaintiff's motion for sanctions is **DENIED**.

**IT IS SO ORDERED.**

Dated: March 23, 2018



CHARLES R. BREYER
United States District Judge